IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE HAWKINS, JR.,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-00579
JUDGE EDMUND A. SARGUS, JR.,
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Motion to Dismiss*, Petitioner's *Response in Opposition*, and the exhibits of the parties. For the reasons that follow, Respondent's *Motion to Dismiss* (ECF No. 6) is **GRANTED,** and this action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**I.**

This case involves Petitioner's August 27, 2010 convictions after a jury trial for murder, felonious assault, aggravated robbery, and two counts of kidnapping, arising from the July 17, 2007, shooting death of Mohammad Khan. The trial court made a separate finding of guilt on the charge of having a weapon under disability. *See State v. Hawkins*, No. 10AP-907, 2011 WL 6826814, at *1 (Ohio 10th App. Dist. Dec. 22, 2011). Petitioner timely appealed, asserting that his convictions were against the manifest weight of the evidence and that the evidence was constitutionally insufficient to sustain his convictions; that he was denied the right to assistance of counsel during a critical state of the proceedings; and that he was denied effective assistance

1

of counsel. *Id.* at *5. On December 22, 2011, the state appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not timely appeal that decision to the Ohio Supreme Court. On March 15, 2012, he filed a motion for a delayed appeal. *Exhibits 14 and 15 to Motion to Dismiss:* ECF 6-1; PageID# 151-157.

As cause for his untimely filing, Petitioner stated that he did not receive notice from his attorney that his appeal had been dismissed until January 13, 2012 and that his attorney advised him to seek assistance from the Office of the Public Defender. Petitioner asserts, therefore, that he was denied effective assistance of counsel which justified his untimely filings. Petitioner did not learn that the public defender's office would not provide him assistance until February 27, 2012. According to Petitioner, he could not assemble his legal documents in time to meet the deadline for the filing his appeal in the Ohio Supreme Court. Petitioner argues that, in view of these circumstances, it would have been impossible for him to file a timely appeal in the Ohio Supreme Court. He contends that he is actually innocent of the charges against him. PageID# 155-56. On May 9, 2012, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *State v. Hawkins*, Ohio St.3d 1538 (Ohio 2012).

Meanwhile, on March 21, 2012, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). He asserted therein that he had been denied effective assistance of appellate counsel because his attorney failed to raise a claim on appeal that the trial court erred in imposing separate sentences for the same conduct. *Exhibit 17 to Motion to Dismiss*, ECF 6-1, PageID# 184-197. More specifically, Petitioner contends that appellate counsel was ineffective for failing to argue that the offenses should have been merged for purposes of sentencing. On February 13, 2013, the appellate court denied Petitioner's application to reopen the appeal. Petitioner timely appealed. On June 19, 2013, the Ohio

Supreme Court declined to accept the appeal. *Exhibit 23 to Motion to Dismisst*, ECF 6-1, PageID# 262.

On June 16, 2014, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that his convictions for murder, aggravated robbery, kidnapping, and having a weapon while under disability are against the manifest weight of the evidence, and that the evidence is constitutionally insufficient to sustain his convictions; that he was denied the right to be present and to the assistance of counsel during a critical stage of the proceedings; and that he was denied effective assistance of counsel. Petitioner signed the *Petition* on June 12, 2014. PageID# 13. It is the position of the Respondent that this action is barred by the one-year of statute of limitations under 28 U.S.C. § 2244(d).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

Here, Petitioner's conviction became final on February 6, 2012,[1] when the forty-five days passed for him to file a timely appeal to the Ohio Supreme Court. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012)(citing *Gonzalez v. Thaler*, -- U.S. --, 132 S.Ct. 641, 653-54 (2012)). On March 15, 2012, Petitioner filed a motion for a delayed appeal with the Ohio Supreme Court. On May 9, 2012, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal by an entry, without explanation.

Arguably, Petitioner's motion for delayed appeal was not "properly filed" as that term is defined in Section 2244(d)(2). As this Court has previously suggested, delayed-appeal motions presumably are not "properly filed" when the Ohio Supreme Court issues an unexplained entry because leave to file the motion presumably was based on petitioner's failure "to demonstrate adequate reasons for his failure to file a timely notice of appeal." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)(per curiam); *see also Pace v. DiGulielmo,* 545 U.S. 408 (2005)(holding that petitioner's post-conviction petition, which the state court rejected as untimely, was not "properly filed" within the meaning of the AEDPA)). The United States Supreme Court has held that "time limits, no matter their form, are 'filing' conditions," and where the state court rejects a post-conviction or collateral action as untimely, it is not "properly filed" so as to toll the running

---

[1] Because February 5, 2012 fell on a Sunday, Petitioner had until February 6, 2012 to file a timely appeal with the Ohio Supreme Court.

4

of the statute of limitations under § 2244(d)(2). *Pace v. DiGulielmo*, 545 U.S. at 417; *see also Isreal v. Warden, Lebanon Corr. Inst.*, No. 2:13-cv-50, 2013 WL 5785945 at *4 (S.D. Ohio Oct. 28, 2013)(concluding that a motion for a delayed appeal denied by the Ohio Supreme Court as untimely does not toll the running of the statute of limitations under § 2244(d)(2)).

> The Sixth Circuit has indicated that such a ruling [denying leave to file a delayed appeal] is a "procedural decision" by the state supreme court, which "would preclude tolling." *See Hall v. Warden, Lebanon Corr. Inst.*, No. 1:08cv75, 2009 WL 857979, at *3, *8 (S.D. Ohio Mar. 25, 2009) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (quoting *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), which in turn cited *Bonilla*, 370 F.3d at 497, as "distinguishing between the denial of a motion to file a delayed appeal in the Ohio Supreme Court, a state procedural decision that would preclude tolling, and the granting of the motion to file the appeal but subsequent dismissal on the jurisdictional merits of the case, a decision on the merits that would not preclude tolling"), aff'd on other grounds, 662 F.3d 745 (6th Cir. 2011), cert. denied, — U.S. —, 133 S.Ct. 187, 184 L.Ed.2d 95 (2012); *see also Brown v. Ohio*, No. 5:11cv162, 2011 WL 6012428, at *3 n. 5 (N.D. Ohio Nov.8, 2011) (noting that under *DiCenzi* and *Bonilla*, the "statute of limitations is not tolled by a motion for delayed appeal in the Ohio Supreme Court unless that court grants the motion"), adopted, 2011 WL 6019181 (N.D. Ohio Dec.1, 2011). *Cf. Black, supra,* 2013 WL 3811774, at *6 (involving denial of motion for delayed appeal to Ohio Supreme Court); *Taker, supra,* 2013 WL 485789, at *7 (same); *Howard v. Warden, Lebanon Corr. Inst.*, No. 1:11cv4, 2011 WL 2940389, at *4 (S.D. Ohio June 27, 2011) (Bowman, M.J.) (Report & Recommendation), adopted, 2011 WL 2848211 (S.D. Ohio July 19, 2011) (Beckwith, J.) (involving denial of delayed reopening application).

*Isreal,* 2013 WL 5785945 at *4. A limited line of cases from United States Court of Appeals for the Sixth Circuit, however, suggests that delayed-appeal motions may serve to toll unexpired limitations periods. *Id.* (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Stevenson v. Howes*, 407 F. App'x 881, 884 (6th Cir. 2011) (*per curiam*). Even construing the statute in Petitioner's favor and giving him the benefit of tolling the statute of limitations during

5

the time that his motion for a delayed appeal remained pending, *i.e.* from March 15, 2012, to May 9, 2012, this action remains untimely.

Under such a scenario, thirty-seven (37) days elapsed prior to Petitioner's filing of his motion for a delayed appeal in the Ohio Supreme Court. On the date of the Ohio Supreme Court's denial of Petitioner's motion for a delayed appeal, Petitioner had an application pending to reopen the appeal pursuant to Ohio Appellate Rule 26(B). The running of the statute of limitations therefore continued to be tolled until June 19, 2013, when the Ohio Supreme Court denied Petitioner's appeal. The statute of limitations expired 328 days later, on May 13, 2014. Petitioner waited until June 12, 2014, to execute this habeas corpus petition.

Petitioner argues that the statute of limitations did not begin to run until June 19, 2013, when the Ohio Supreme Court dismissed his Rule 26(B) application, and that he therefore timely filed this action before expiration of the one-year statute of limitations. This argument is not persuasive. *See Anderson v. Brunsman*, 562 F. A'ppx. 462, 429-30, unpublished, (6th Cir. April 10, 2014)(statute of limitations begins to run on the date that the Ohio Supreme Court dismisses a motion for a delayed appeal)(citing *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001)(internal citation omitted). "[T]o delay the commencement of the running of the statute of limitations until the resolution of a motion for delayed appeal, which can be filed years after conviction, would "effectively eviscerate the AEDPA's statute of limitations." *Id.*

Moreover, the record fails to reflect that equitable tolling of the statute of limitations is warranted. The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Such equitable tolling, however, is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to equitable tolling, Petitioner must establish that (1) he has been pursuing his rights

6

diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *See id*. The United States Supreme Court established this two-part "extraordinary circumstance" test in *Holland v. Florida*, 560 U.S.641, 649 (2010)(citing *Pace*, 544 U.S. at 418)). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

Petitioner argues that the Court should equitably toll the running of the statute of limitations because he did not receive notice of the denial of the appellate court's dismissal of his direct appeal until January 13, 2012, and he thereafter relied on inaccurate advice of a "jail house lawyer" regarding the procedure for pursuing an appeal in the Ohio Supreme Court. *Response in Opposition*, ECF 9, PageID# 276-77. Additionally, Petitioner asserts that the Court should equitably toll the running of the statute of limitations because of the purported ineffective assistance of counsel due to his attorney's inaccurate advice.

In support of this allegation, Petitioner has attached a letter dated January 6, 2012 from Attorney Todd Barstow advising Petitioner that he had until February 3, 2012 to file an appeal to the Ohio Supreme Court and strongly suggesting that he contact the Ohio Public Defender's Office for assistance. PageID# 282. Petitioner indicates that he did not receive this letter until January 13, 2012. PageID# 276. Petitioner nonetheless waited until March 15, 2012 to file his motion for a delayed appeal in the Ohio Supreme Court.

Petitioner additionally has attached a letter dated February 17, 2012 from the Office of the Public Defender declining to assist him in filing a motion for a delayed appeal to the Ohio Supreme Court. The letter also indicates, however, that the assistant public defender provided Petitioner at that time with all of the information and documents needed for the filing of a motion for a delayed appeal in the Ohio Supreme Court. PageID# 284-85. Nonetheless, Petitioner

waited almost one month before filing his motion for a delayed appeal in the Ohio Supreme Court.

Petitioner also has attached a letter dated June 21, 2013 from the Office of the Public Defender notifying him that the Ohio Supreme Court had denied his Rule 26(B) application and advising him, mistakenly, that he had until June 18, 2014 to file a federal habeas corpus petition. PageID# 283. According to the letter, the assistant public defender provided to Petitioner at that time a "pro se" kit for the filing of a petition for a writ of habeas corpus in the United States District Court. *Id.*

"[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hal*, 662 F.3d at 751 (citation omitted); *Keeling*, 673 F.3d at 464. These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07-cv-0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008)(citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Bad advice from fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the

statute of limitations. *Allison v. Smith*, No. 2:14-cv-10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014)(citing *Smith v. Beightler*, 49 F. A'ppx. 579, 580-81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204-05 (D.C. Cir. 2000); *Henderson v. Johnson,* 1 F. Supp. 2d 650, 655 (N.D.Tex. 1998)). A "[p]etitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." *Arriaga v. Gonzales*, No. 13-1372-AG (JPR), 2014 WL 5661023, at 12 (C.D. Cal. Oct. 31, 2014)(citations omitted). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D. Mich. April 12, 2012)(citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14-cv-14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014)(citing *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005)("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (citation omitted). A "garden variety" claim of excusable neglect, such as the miscalculation that causes an attorney to miss a filing deadline does not warrant equitable tolling of the statute of limitations, although egregious misconduct by counsel may constitute an extraordinary circumstance warranting equitable tolling. *Holland*, v 130 S.Ct. at 2564 (citations omitted).

9

Petitioner does not allege, nor does the record reflect, any egregious misconduct on the part of the Ohio Public Defender. As discussed above, the record fails to show Petitioner acted diligently in pursuing his claims. Despite being advised by both his attorney of the date for filing an appeal in the Ohio Supreme Court, and being provided all of the documents and information necessary for filing a motion for delayed appeal in the Ohio Supreme Court, Petitioner nonetheless waited approximately one month to file his motion in the Ohio Supreme Court. Moreover, the record likewise fails to reflect that Petitioner's difficulty reading or understanding legal concepts prevented him from timely filing his habeas corpus petition.

The one-year statute of limitations may also be subject to equitable tolling upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly,* No. 1:11-cv-1271, 2012 WL 487991 (N.D. Ohio Feb. 14, 2012) (citing *Souter,* 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States,* 523 U.S. 614, 623 (1998). Equitable tolling is required upon a showing of actual innocence because the refusal to consider even an untimely habeas petition would cause a fundamental miscarriage of justice. *See Patterson v. Lafler,* No. 10–1379, 2012 WL 48186, at *3 (6th Cir. Jan. 9, 2012). The Petitioner must overcome a high hurdle in order to establish his actual innocence, and the record fails to reflect he has done so here.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at

> 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. . . . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

Id. at 589–90 (footnote omitted). A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins,* — U.S. —, 133 S.Ct. 1924, 1932–33 (2013). Unexplained delay, however, still undermines the petitioner's credibility. The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 332, 327).

Petitioner has failed to provide credible evidence of actual innocence. A review of the record reveals that Petitioner cannot establish a convincing claim of actual innocence. He has provided no new reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling because he is actually innocent.

### III.

For the foregoing reasons, the Court concludes that this action is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). **WHEREUPON** Respondent's *Motion to Dismiss* (ECF No. 6) is **GRANTED** and this action is hereby **DISMISSED.** The Clerk is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

_____3-11-2015_____          _____/s/_____
DATE                              EDMUND A. SARGUS, JR.
                                  UNITED STATES DISTRICT JUDGE